# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS
### EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| ALEX LANDRY, individually and on behalf of all other similarly situated current citizens of Illinois and the United States, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 24-1661 |
| v. | ) ) | |
| POST CONSUMER BRANDS, LLC, | ) ) | |
| Defendant. | ) ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, 1453, and the provisions of the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119, Stat. 4 (2005), Defendant Post Consumer Brands, LLC ("Post"), by and through its attorneys, files this Notice of Removal of this action from the Circuit Court for the 20th Judicial Circuit, County of St. Clair, State of Illinois, Case No. 24-LA-0717, to the United States District Court for the Southern District of Illinois, East St. Louis Division. For the reasons set forth below, removal is proper based on 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453.

## INTRODUCTION

1.      On May 17, 2024, Plaintiff Alex Landry, individually and on behalf of a purported class of similarly situated current citizens of Illinois and the United States, filed a Class Action Complaint, styled *Alex Landry v. Post Consumer Brands, LLC*, Case No. 24-LA-0717, in the Circuit Court for the 20th Judicial Circuit, County of St. Clair, State of Illinois (the "State Court Action").

2.     On June 6, 2024, Plaintiff served the State Court Action on Post.

3.     This Notice of Removal is being filed within thirty (30) days of service of the State Court Action on Post, and it is therefore timely under 28 U.S.C. §§ 1446(b) and 1453(b).

4.     In accordance with 28 U.S.C. § 1446(d), Post has contemporaneously filed a copy of this Notice of Removal with the Clerk of the Circuit Court for the 20th Judicial Circuit, County of St. Clair, State of Illinois and has given written notice to Plaintiff by serving this Notice of Removal on counsel for Plaintiff.

5.     Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process documents and pleadings filed in the State Court Action, are attached hereto as **Exhibit A.**

6.     Post is removing this case to the federal district court embracing the place where the State Court Action was filed, as required by 28 U.S.C. § 1441(a).

## **REMOVAL IS PROPER UNDER CAFA, 28 U.S.C. §§ 1332(d), 1453**

7.     Post removes the State Court Action pursuant to CAFA, codified at 28 U.S.C. § 1332(d). CAFA provides the Court with original jurisdiction of this action and permits Post to remove the State Court Action from the Illinois Circuit Court to this Court.[1]

8.     CAFA vests federal district courts with original jurisdiction over class actions when the aggregate amount in controversy for all putative class members exceeds $5 million (exclusive of interest and costs), and when any member of the putative class of plaintiffs is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2). Each of these requirements is satisfied, as set forth below.

---

[1] While Post removes the State Court Action pursuant to CAFA, Post expressly reserves and does not waive any personal jurisdiction defense. Post also reserves all rights and defenses, including but not limited to seeking dismissal on the ground that Plaintiff has not stated a claim upon which relief can be granted and all other available dismissal grounds.

**A.      The State Court Action Is a Putative Class Action as Defined by CAFA.**

9.      The State Court Action is a class action as defined by CAFA. CAFA defines "class action" to mean "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

10.      Plaintiff's Complaint alleges a putative class action on behalf of himself and a proposed Illinois class defined as: "All individuals who purchased in Illinois Cocoa Pebbles and/or Fruity Pebbles in the five years preceding the filing of this Complaint up through the date of notice (the 'Class Period')." Compl. ¶ 52. Plaintiff's Complaint also alleges a putative class action on behalf of himself and a proposed Nationwide class defined as "All individuals who purchased in the United States Cocoa Pebbles and/or Fruity Pebbles during the Class Period." *Id.*

11.      Illinois Rule of Civil Procedure 5/2-801 authorizes an action to be brought by one or more representative persons as a class action.

12.      As such, this action is properly considered a putative class action under CAFA.

**B.      Defendant Is Not a Governmental Entity.**

13.      Post is a limited liability company and thus is not a "State[], State official[], or other governmental entit[y] against whom the district court may be foreclosed from ordering relief." 28 U.S.C. § 1332(d)(5)(A).

**C.      CAFA's Requirements for Removal Are Satisfied Here.**

14.      This action is removable to federal court pursuant to CAFA, which provides that a class action against a non-governmental entity may be removed if: (1) the number of proposed class members is not less than 100; (2) any member of the proposed plaintiff class is a citizen of

a state different from any defendant; and (3) the aggregate amount in controversy exceeds $5 million, excluding interests and costs. 28 U.S.C. § 1332(d), (d)(5), and § 1453(b).

**i.     The Number of Proposed Class Members Is at Least 100.**

15.     While Plaintiff does not allege a specific number of potential putative class members in the Complaint, he unequivocally alleges that "the Classes consist of at least hundreds of purchasers" such that "it would be impractical to join all Class Members before the Court." Compl. ¶ 54.  Thus, based on the allegations of the Complaint alone, Plaintiff seeks to certify a class of "at least hundreds of purchasers." *Id.*

16.     Additionally, as set forth in the concurrently filed Declaration of Jeff Rethwisch ("Rethwisch Decl."), Sr. Director, Finance, Post has sold the Cocoa Pebbles and Fruity Pebbles Products (the "Cereal Products") across the state of Illinois, and Nationwide, during the times relevant to the Complaint. Rethwisch Decl., ¶ 4, attached hereto as **Exhibit B**. Plaintiff alleges that "[t]he purchase price of the Cereals were $2.19 per container" during the relevant time period (Comp. ¶ 18) and Post's nationwide sales of the Cereal Products exceeded $5,000,000 in each year of the putative class period (Rethwisch Decl., ¶ 5). Accordingly, it is certain that the number of putative class members who purchased the Cereal Products exceeds 100 and thus is sufficiently large under 28 U.S.C. § 1332(d). *See* Rethwisch Decl., ¶¶ 4-5; Compl. ¶¶ 18, 54.

**ii.    Plaintiff's Citizenship is Diverse from Defendant's Citizenship.**

17.     Under CAFA, only "minimum diversity" is required to establish subject matter jurisdiction in federal court. *In re Depakote Alexander v. Abbott Lab'ys, Inc.*, No. 12-CV-52-NJR-SCW, 2016 WL 6563483, at *3 (S.D. Ill. Nov. 4, 2016). Furthermore, under CAFA's minimal diversity requirement, the citizenship of unnamed putative class members is also considered. 28 U.S.C. § 1332(d)(1)(D)-(d)(2)(A). Accordingly, "minimal diversity" is met when

"any member of a class of plaintiffs is a citizen of a State different from any defendant." *Id.* § 1332(d)(2)(A). That requirement is satisfied here because Plaintiff is a citizen of Illinois and Post is a citizen of states other than Illinois.

18.    An individual is a citizen of the state where he or she resides. 28 U.S.C. § 1332(a)(1). Plaintiff Alex Landry is an individual and resides "in Madison County, Illinois;" as such, he is deemed a citizen of the State of Illinois. *See* Compl. ¶ 18. Additionally, Plaintiff brings this action on behalf of a putative Illinois and Nationwide class, and members of the putative classes therefore likely reside in and are citizens of the state of Illinois, in addition to other states across the country. 28 U.S.C. § 1332(d)(1)(D)-(d)(2)(A); Compl. ¶ 52.

19.    Post is not a citizen of Illinois. Post is a Delaware Limited Liability Company with its principal place of business in Minnesota.  Rethwisch Decl., ¶ 2.  Post is also wholly owned by Post Holdings, Inc., a Delaware corporation with its principal place of business in Missouri. Rethwisch Decl., ¶ 2.

20.    For jurisdictional purposes under CAFA, a Limited Liability Company is "a citizen of the State where it has its principal place of business and the State under whose laws it is organized."  28 U.S.C. § 1332(d)(10); *see also Calchi v. TopCo Assoc., LLC*, 676 F.Supp.3d 604, 607 (N.D. Ill., 2023) ("Under the CAFA, an LLC is a citizen of the state where it is organized and the state where it has its principal place of business, not the state(s) where each of its members is a citizen.").  Accordingly, for purposes of CAFA, Post is a citizen of Delaware and Minnesota because it is organized under the laws of Delaware and has its principal place of business in Minnesota.

21.    Furthermore, even if one applied the rules for determining citizenship of LLCs for non-CAFA diversity cases, Post would still not be a citizen of Illinois.  In non-CAFA diversity

cases, a Limited Liability Company's citizenship is the citizenship of its ownership, which must be traced to "either individual human beings or a formal corporation with a state of incorporation and a state of principal place of business." *See Baez-Sanchez v. Sessions*, 862 F.3d 638, 641 (7th Cir. 2017); *Remijas v. Neiman Marcus Grp., LLC*, 794 F.3d 688, 691 (7th Cir. 2015) (confirming diversity of citizenship where LLC was owned by corporation). A corporation may be a citizen of "at most," two states: the "state of incorporation and the state where it maintains its principal place of business." *Qin v. Deslongchamps*, 31 F.4th 576, 579 (7th Cir. 2022). A corporation's "principal place of business" refers "to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). In practice, this is the place "where the corporation maintains its headquarters." *Id.* at 93.

22.     Thus, even under the rules for determining citizenship of an LLC in non-CAFA diversity cases, Post would be a citizen of Delaware and Missouri because Post Holdings, Inc. is incorporated in Delaware and has a principal place of business in Missouri (Rethwisch Decl., ¶ 2).

23.     Accordingly, since at least one member of the proposed classes is a citizen of a state different from Post, CAFA's diversity of citizenship requirement is satisfied.  *See*  28 U.S.C. § 1332(d)(2)(A).

24.     The diversity that exists in this action not only satisfies the minimal diversity of citizenship requirement under CAFA, but also precludes the applicability of exceptions in 28 U.S.C. § 1332(d)(3) and (d)(4)(A)-(B) because there is no "local" defendant at home in Illinois. *See Pecho v. Maui Jim, Inc.*, No. 21-CV-06202, 2022 WL 4609527, at *3 (N.D. Ill. Sept. 29, 2022) (explaining that for local controversy exception to apply, "at least one defendant—from

whom significant relief is sought and whose conduct forms a significant basis for the claim—must be a citizen of the filing state").

### iii.   The CAFA Amount in Controversy is Satisfied.

25.     Although Post asserts that the allegations in the Complaint are without merit and that neither Plaintiff nor the putative class members can state a viable claim for relief, the amount in controversy here exceeds CAFA's $5 million jurisdictional minimum. *See* 28 U.S.C. 1332(d)(2).

26.     Plaintiff's lawsuit seeks restitution, disgorgement, damages, injunctive relief, and attorneys' fees, which, in the aggregate, well exceed CAFA's $5 million threshold. *See* Compl., Prayer for Relief.

27.     CAFA's amount in controversy review requires that the claims of individual class members be aggregated: "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest." 28 U.S.C. §§ 1332(d)(6).

28.     "[A]s specified in § 1446(a), a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). Seventh Circuit precent explains that CAFA "does not make federal jurisdiction depend on how much the plaintiff is sure to recover," rather "[t]he question is what amount is 'in controversy.'" *Sabrina Roppo v. Travelers Com. Ins. Co.*, 869 F.3d 568, 583 (7th Cir. 2017). "Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000, the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 764 (7th Cir. 2011) (finding that defendant "provided plausible,

7

good-faith estimates demonstrating how the stakes exceeded $5,000,000" and that "[t]he plaintiffs did not attempt to demonstrate that it was legally impossible for them to recover that amount") (internal citation omitted); *see also ABM Sec. Services, Inc. v. Davis*, 646 F.3d 475, 478-79 (7th Cir. 2011) (reversing district court's remand decision and explaining that once the defendant made its "showing that the amount in controversy exceeded $5 million, the district court needed to find that it was legally impossible for plaintiffs to recover that much.").

29.     Plaintiff seeks restitution and damages from Post's sale of the Cereal Products. *See* Complaint, Prayer for Relief. From June 2019 to June 2024, Post's nationwide sales of the Cereal Products referenced in the Complaint exceeded $5,000,000 each year. *See* Rethwisch Decl., ¶¶ 4-5. Plaintiffs' complaint seeks to recover, among other things, at minimum 21.1% of the retail purchase price of the Cereal Products over the putative class period. (Compl. ¶ 12). Because Post sold more than $5 million per year of the Cereal Products over the 5-year putative class period, this measure alone more than satisfies CAFA's amount in controversy requirement. Additionally, because Plaintiff seeks to represent a nationwide class of consumers (Compl. ¶ 52), this alone is sufficient to establish the amount in controversy. *See Schutte v. Ciox Health, LLC*, 28 F.4th 850, 857 (7th Cir. 2022) (holding that a declaration providing an estimate of the total number of at-issue transactions was sufficient to meet CAFA's amount in controversy requirement because "[a]ll [the declarant] needed to do at this stage was come forward with a plausible, good-faith estimate that the stakes exceed $5 million"). Courts have repeatedly found that such estimates are acceptable to satisfy CAFA's amount in controversy requirement "unless it is legally impossible for the plaintiff to recover that much." *Id.* (citing *Blomberg*, 639 F.3d at 764 ("finding amount-in-controversy requirement satisfied even though defendant could have provided more specific estimates about the damages at issue")).

30.     Plaintiff also seeks to recover disgorgement, punitive damages, and attorneys' fees, which additionally contributes to the alleged amount in controversy. Compl., Prayer for Relief; *see, e.g.*, *ABM Sec. Servs., Inc. v. Davis*, 646 F.3d 475, 479 (7th Cir. 2011) (including attorneys' fees in the amount in controversy calculation to satisfy CAFA threshold); *Loonsfoot v. Stake Ctr. Locating, LLC*, No. 23-CV-3171-DWD, 2024 WL 2815422, at *4 (S.D. Ill. June 3, 2024) (finding CAFA's amount in controversy satisfied and explaining that "courts consider all damages available to a plaintiff, including compensatory and punitive damages, as well as attorneys' fees" when "determining whether a suit exceeds the amount-in-controversy threshold").

31.     Finally, the Court must also consider the potential cost to the defendant of complying with an injunction when determining the amount in controversy for CAFA purposes. *Keeling v. Esurance Ins. Co.*, 660 F.3d 273, 274 (7th Cir. 2011) (holding that the costs "of complying with an injunction … cannot be ignored in the calculation of the amount in controversy" for CAFA purposes); *Abraham v. State Farm Mut. Auto. Ins. Co.*, No. 19-CV-3028, 2020 WL 1433782, at *3 (N.D. Ill. Mar. 24, 2020) (explaining that "courts assessing the amount in controversy in lawsuits seeking prospective equitable relief must consider, among other things, the cost to comply with an injunction, if the class is right.") (internal quotation and citation omitted).

32.     In short, Plaintiff requests relief that, if granted, would cost Post in excess of $5 million. *See* Rethwisch Decl., ¶¶ 4-5; Compl., Prayer for Relief. Accordingly, while Post rejects Plaintiff's allegations as meritless, CAFA's requirement that the aggregate amount in controversy exceeds $5 million is satisfied.

**POST SATISFIED ALL PROCEDURAL REQUIREMENTS**

33.     Removal is timely. This notice of removal is timely pursuant to 28 U.S.C. §§ 1446(b) and 1453(b), because it is filed within thirty (30) days after service of the Complaint on Post. Here, Post was served on June 6, 2024. Therefore, notice is timely pursuant to 28 U.S.C. § 1446(b).

34.     Venue is Proper. Plaintiff filed this action in the Circuit Court of St. Clair County, Illinois. Accordingly, this action is properly removed to this Court, which embraces St. Clair County within its jurisdiction. 28 U.S.C. §§ 1441(a), 1446(a).

35.     Pleadings and process. Pursuant to 28 U.S.C. § 1446(a), Post is providing this Court with a copy of all "process, pleadings and orders" served on it in the State Court Action. True and correct copies of all such documents are attached to this Notice of Removal.

36.     Notice to state court. Pursuant to 28 U.S.C. § 14469d), Post is filing a copy of this Notice of Removal with the Clerk of the Circuit Court for the 20th Judicial Circuit, County of St. Clair, State of Illinois and serving Plaintiff with the same. A true and correct copy of the Notice to the Circuit Court (which is being served on Plaintiff), without exhibits, is attached hereto as **Exhibit C.**

**RESERVATION OF RIGHTS**

37.     By removing the State Court Action to this Court, Post reserves all rights and defenses, including but not limited to seeking dismissal on the ground that Plaintiff has not stated a claim upon which relief can be granted and all other available dismissal grounds.

**CONCLUSION**

38.     WHEREFORE, Post respectfully submits that: (1) CAFA applies to this action because the proposed class contains at least 100 members; (2) at least one member of the

proposed class is a citizen of a state different than Post's state of citizenship and no CAFA exceptions apply; (3) the aggregate amount in controversy exceeds $5 million; and (4) the procedural requirements under 28 U.S.C. § 1446 are met. For these reasons, the State Court Action is properly removed to this Court.


DATED: July 3, 2024       */s/ Patrick D. Cloud*

HEYL, ROYSTER, VOELKER & ALLEN, P.C.
Patrick D. Cloud, #6282672
*Counsel for Defendant Post Consumer Brands, LLC*

Patrick D. Cloud
HEYL ROYSTER VOELKER & ALLEN, P.C.
105 West Vandalia Street
Mark Twain Plaza III, Suite 100
Edwardsville, Illinois 62025
(618) 650-7627
edwecf@heylroyster.com
PCloud@heylroyster.com

Angela M. Spivey (*pro hac vice forthcoming*)
Andrew G. Phillips (*pro hac vice forthcoming*)
Troy A. Stram (*pro hac vice forthcoming*)
ALSTON & BIRD LLP
1201 W. Peachtree Street
Atlanta, Georgia 30309
(404) 881-7000 (telephone)
(404) 881-7777 (facsimile)
angela.spivey@alston.com
andrew.phillips@alston.com
troy.stram@alston.com

**Attorneys for Post Consumer Brands, LLC**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 3rd day of July, 2024 the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system.  I further certify that counsel for Plaintiff was served with copies of this Entry of Appearance via e-mail to the following:


David C. Nelson – dnelson@nelsonlawpc.com
Nelson & Nelson
420 North High Street, PO Box Y
Belleville, IL 62222
**Attorneys for Plaintiff**


Matthew Armstrong – matt@mattarmstronglaw.com
Armstrong Law Firm
2890 W. Broward Blvd., Unit B, #305
Ft. Lauderdale, FL 33312
**Attorneys for Plaintiff**


Robert King – king@kinglaw.com
The Law Office of Robert L. King
9506 Olive Blvd., Suite 224
St. Louis, MO 63132
**Attorneys for Plaintiff**


Stuart L. Cochran – scochran@condontobin.com
Condon Tobin Sladek Thornton Nerenberg
8080 Park Ln., Ste 700
Dallas, TX 75231
**Attorneys for Plaintiff**


/s/ Patrick D. Cloud
HEYL, ROYSTER. VOELKER & ALLEN, P.C.