

null / ALL
Transmittal Number: 29251645
Date Processed: 06/06/2024

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Michelle Bickell<br>Post Holdings, Inc.<br>2503 S Hanley Rd<br>Saint Louis, MO 63144-2503 |
| **Electronic copy provided to:** | Beth Minogue<br>Dallas Cupp |

| | |
|---|---|
| **Entity:** | Post Consumer Brands, LLC<br>Entity ID Number  3875714 |
| **Entity Served:** | Post Consumer Brands, LLC |
| **Title of Action:** | Alex Landry, individually and on behalf of all other similarly situated current citizens of Illinois and the United States vs. Post Consumer Brands, LLC |
| **Matter Name/ID:** | Alex Landry, individually and on behalf of all other similarly situated current citizens of Illinois and the United States vs. Post Consumer Brands, LLC (15812244) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | St. Clair County Circuit Court, IL |
| **Case/Reference No:** | 24LA0717 |
| **Jurisdiction Served:** | Illinois |
| **Date Served on CSC:** | 06/06/2024 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Nelson & Nelson, Attorneys at Law, P.C.<br>618-277-4000 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Exhibit A

This form is approved by the Illinois Supreme Court and must be accepted in all Illinois Courts.
Forms are free at ilcourts.info/forms.

| STATE OF ILLINOIS, CIRCUIT COURT<br><br>St. Clair ☑ COUNTY | **SUMMONS** | For Court Use Only |
|---|---|---|

| **Instructions ▼** | ALEX LANDRY, individually and on behalf of all other similarly situated current citizens of Illinois and the United States | |
|---|---|---|
| Enter above the county name where the case was filed. | **Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | v. | |
| Below "Defendants/ Respondents," enter the names of all people you are suing. | **Defendants / Respondents** *(First, middle, last name)*<br>POST CONSUMER BRANDS, LLC<br>IL Corp 801 Adlai Stevenson | 24-LA- **24LA0717** |
| | | **Case Number** |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* | |

## IMPORTANT: You have been sued.

- Read all documents attached to this Summons.

- You MUST file an official document with the court within the time stated on this Summons called an *Appearance* and a document called an *Answer/Response*. If you do not file an *Appearance* and *Answer/Response* on time, the judge may decide the case without hearing from you. This is called "default." As a result, you could lose the case.

- All documents referred to in this Summons can be found at ilcourts.info/forms. Other documents may be available from your local Circuit Court Clerk's office or website.

- After you fill out the necessary documents, you need to electronically file (e-file) them with the court. To e-file, you must create an account with an e-filing service provider. For more information, go to ilcourts.info/efiling. If you cannot e-file, you can get an exemption that allows you to file in-person or by mail.

- You may be charged filing fees, but if you cannot pay them, you can file an Application for Waiver of Court Fees.

- It is possible that the court will allow you to attend the first court date in this case in-person or remotely by video or phone. Contact the Circuit Court Clerk's office or visit the Court's website to find out whether this is possible and, if so, how to do this.

- Need help? Call or text Illinois Court Help at 833-411-1121 or go to ilcourthelp.gov for information about going to court, including how to fill out and file documents. You can also get free legal information and legal referrals at illinoislegalaid.org. All documents referred to in this Summons can be found at ilcourts.info/forms. Other documents may be available from your local Circuit Court Clerk's office or website.

- ¿Necesita ayuda? Llame o envíe un mensaje de texto a Illinois Court Help al 833-411-1121, o visite ilcourthelp.gov para obtener información sobre los casos de la corte y cómo completar y presentar formularios.

### Plaintiff/Petitioner:

**Do not use this form** in these types of cases:

- All criminal cases
- Eviction
- Small Claims
- Divorce
- Order of protection
- Paternity
- Stalking no contact orders
- Civil no contact orders
- Adult guardianship
- Detinue
- Foreclosure
- Administrative review cases

For eviction, small claims, divorce, and orders of protection, use the forms available at ilcourts.info/forms. If your case is a detinue, visit illinoislegalaid.org for help.

**If you are suing more than 1 Defendant/Respondent**, attach an *Additional Defendant/Respondent Address and Service Information* form for **each** additional Defendant/Respondent.

Enter the Case Number given by the Circuit Clerk: 24-LA- **24LA0717**

| | |
|---|---|
| In **1a**, enter the name and address of the first Defendant/ Respondent you are serving. If you are serving a Registered Agent, include the Registered Agent's name and address here. | **1.** **Defendant/Respondent's address and service information:** |

**1.** **Defendant/Respondent's address and service information:**

a. Defendant/Respondent's primary address/information for service:

Name *(First, Middle, Last)*:  Post Consumer Brands, LLC

Registered Agent's name, if any:  Illinois Corporation Service Co.

Street Address, Unit #:  801 Adlai Stevenson Drive

City, State, ZIP:  Springfield, IL 62703

Telephone: _____  Email: _____

In **1b**, enter a second address for the first Defendant/ Respondent, if you have one.

b. If you have more than one address where Defendant/Respondent might be found, list that here:

Name *(First, Middle, Last)*: _____

Street Address, Unit #: _____

City, State, ZIP: _____

Telephone: _____  Email: _____

In **1c**, check how you are sending your documents to this Defendant/ Respondent.

c. Method of service on Defendant/Respondent:

☑ Sheriff   ☐ Sheriff outside Illinois: _____

*County & State*

☐ Special process server   ☐ Licensed private detective

Check here if you are serving more than 1 Defendant/ Respondent. Attach an *Additional Defendant/ Respondent Address and Service Information* form for each additional Defendant/Respondent and write the number of forms you attached.

☐ **I am serving more than 1 Defendant/Respondent.**

I have attached _____ *Additional Defendant/Respondent Address*

*Number*

*and Service Information* forms.

In **2a**, enter the amount owed to you. Check **2b** if you are asking for the return of tangible personal property.

**2.** **Information about the lawsuit:**

a. Amount claimed:   $ in excess of $50,000

☐ b. I am asking for the return of tangible personal property (items in the Defendant/Respondent's possession).

In **3**, enter your complete address, telephone number, and email address, if you have one.

**3.** **Contact information for the Plaintiff/Petitioner:**

Name *(First, Middle, Last)*:  Attorney David C. Nelson

Street Address, Unit #:  420 North High St., P.O. Box Y

City, State, ZIP:  Belleville, IL 62220

Telephone:  618-277-4000   Email:  dnelson@nelsonlawpc.com

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

| **Important information for the person getting this form** | You have been sued. Read all of the documents attached to this *Summons*.<br>To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: ilcourts.info/forms. |
|---|---|

Check **4a** or **4b**. If Defendant/Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box **4a**. Otherwise, if the clerk gives you a court date, check box **4b**.

**4.** **Instructions for person receiving this *Summons* (Defendant):**

☑ a. To respond to this *Summons*, you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served (*not counting the day of service*) by e-filing or at:

Address:  St. Clair County Courthouse, #10 Public Square

City, State, ZIP:  Belleville, IL 62220

In **4a**, fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/ Response*.

☐ **b.** Attend court:

On: _____ at _____ ☐ a.m. ☐ p.m. in _____
      *Date*              *Time*                                  *Courtroom*

**In-person at:**

_____
*Courthouse Address*      *City*            *State*      *ZIP*

In **4b**, fill out:
- The court date and time the clerk gave you.
- The courtroom and address of the court building.
- The call-in or video information for remote appearances (if applicable).
- The clerk's phone number and website. All of this information is available from the Circuit Clerk.

OR

**Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance")**:**

By telephone: _____
                        *Call-in number for telephone remote appearance*

By video conference: _____
                            *Video conference website*

_____
*Video conference log-in information (meeting ID, password, etc.)*

Call the Circuit Clerk at: _____ or visit their website

at: _____ to find out more about how to do this.
   *Website*

---

**STOP!**

The Circuit Clerk will fill in this section.

**Witness this Date:** 5/23/2024
                Nora Sternau

**Clerk of the Court:** _____

*Seal of Court*

KINNIS WILLIAMS, SR, Circuit Clerk

---

**STOP! The officer or process server will fill in the Date of Service**

**Note to officer or process server:**

- If 4a is checked, this *Summons* must be served within 30 days of the witness date.
- If 4b is checked, this *Summons* must be served at least 21 days before the court date, unless 2b is also checked.
  - If 4b and 2b are checked, the *Summons* must be served at least 3 days before the court date.

Date of Service: _____
*(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)*

Enter the Case Number given by the Circuit Clerk: 24-LA- __24LA0717__

**This form is approved by the Illinois Supreme Court and must be accepted in all Illinois Courts.**
**Forms are free at ilcourts.info/forms.**

| STATE OF ILLINOIS, CIRCUIT COURT _____ COUNTY | PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | For Court Use Only |
|---|---|---|

| Instructions | | |
|---|---|---|
| Enter above the county name where the case was filed. | ALEX LANDRY, individually and on behalf of all other similarly situated current citizens of Illinois and the United States | |
| | **Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v. POST CONSUMER BRANDS, LLC | |
| | **Defendant / Respondent** *(First, middle, last name)* | 24-LA-  __24LA0717__ |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* | **Case Number** |

**\*\*Stop. Do not complete the form. The sheriff or special process server will fill in the form. Give them one copy of this blank *Proof of Service* form for each Defendant/Respondent.\*\***

My name is _____ and I state
          *First, Middle, Last*
☐ I served the *Summons* and Complaint/Petition on the Defendant/Respondent

_____ as follows:
*First, Middle, Last*

☐ Personally on the Defendant/Respondent:
  ☐ Male  ☐ Female  ☐ Non-Binary  Approx. Age: _____  Race: _____
  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
  Address, Unit#: _____
  City, State, ZIP: _____

☐ On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family member or lives there:
  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
  Address, Unit#: _____
  City, State, ZIP: _____
  And left it with: _____
                   *First, Middle, Last*
  ☐ Male  ☐ Female  ☐ Non-Binary  Approx. Age: _____  Race: _____
  and by sending a copy to this defendant in a postage-paid, sealed envelope to the above address on this date: _____ .

☐ On the Corporation's agent, _____
                              *First, Middle, Last*
  ☐ Male  ☐ Female  ☐ Non-Binary  Approx. Age: _____  Race: _____
  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
  Address: _____
  City, State, ZIP: _____

☐ **I was not able to serve the *Summons* and Complaint/Petition on Defendant/Respondent:**

_____

*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

2.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

3.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

| **DO NOT** complete this section. The sheriff or private process server will complete it. | **If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the *Proof of Service of Summons* is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury.** |

Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony.

**By:**

_____

*Signature by:*  ☐ Sheriff
           ☐ Sheriff outside Illinois:

           *County and State*
           ☐ Special process server
           ☐ Licensed private detective

**FEES**

Service and Return: $ _____
Miles _____ $ _____
Total $ _____

_____
*Print Name*

If *Summons* is served by licensed private detective or private detective agency:
License Number: _____

| Print Form | Save Form | Reset Form |

Electronically Filed
Kinnis Williams, Sr.
Circuit Clerk
Nora Sternau
24LA0717
St. Clair County
5/17/2024 3:38 PM
27747115

**IN THE CIRCUIT COURT FOR THE 20ᵀᴴ JUDICIAL CIRCUIT
COUNTY OF ST. CLAIR, STATE OF ILLINOIS**

| | |
|---|---|
| ALEX LANDRY, individually and on behalf of all other similarly situated current citizens of Illinois and the United States, <br><br> Plaintiff, <br><br> v. <br><br> POST CONSUMER BRANDS, LLC, <br><br> Serve:  Illinois Corporation Service Company <br> 801 Adlai Stevenson Drive <br> Springfield, IL 62703-4261 <br><br> Defendant. | No. 24-LA- 0717 |

## CLASS-ACTION COMPLAINT

Plaintiff, Alex Landry, individually and on behalf of all other similarly situated current Illinois citizens and current citizens of the United States, alleges the following facts and claims upon personal knowledge, investigation of counsel, and information and belief.

### SUMMARY OF THE CASE

1.      Defendant Post Consumer Brands, LLC ("Post" or "Defendant") manufactures, markets, labels, and sells Cocoa Pebbles and Fruit Pebbles (together the "Cereal").  Post sells the Cereal throughout the United States.

2.      The labels on the boxes of the Cereals state that they contain 15 servings of the Cereal, and that the net weight of the container is 552 grams.

3.      A serving of the Cereal, according to Defendant's labels, is equal to 1 cup.

4.      According to Defendant's labels, 1 cup of the Cereal weighs 36 grams.

5.      In reality, however, 1 cup of Cocoa Pebbles weighs on average 48 grams.

6.      Substituting the correct weight of a 1 cup of the Cocoa Pebbles, Defendant's box of Cocoa Pebbles only contains 11.5 servings because (552 grams)/(48 grams/serving) is equal to 11.5 servings.

7.      Thus, Defendant mispresents the number of servings in the Cocoa Pebbles box by an average of 3.5 servings per container, or 23.1%.

8.      Similarly, 1 cup of Fruity Pebbles weighs approximately on average 45.5 grams.

9.      Substituting the correct weight of a 1 cup of the Fruity Pebbles, Defendant's box of Fruity Pebbles actually contains 12.1 servings because (552 grams)/(45.5 grams/serving) is equal to 12.1 servings.

10.      Thus, Defendant mispresents the number of servings in the Fruity Pebbles by an average of 2.9 servings per container, or 19.1%.

11.      On average, Defendant misrepresents the number of servings in the Cereals by 21.1%.

12.      This case seeks to recover 21.1% of the purchase price of total retail sales of the Cereals during the Class Period.

13.      Defendant is fully aware of its misrepresentations.

14.      Defendant has or should have measured the Cereals and determined that 1 cup of the Cereals weigh substantially more than the 36 grams on the label.

15.      Defendant caused economic harm to Plaintiff and the Class because they received fewer servings than what Defendant promised on their labels.

16.      Plaintiff and purchasers of the Cereals received on average 21.1% fewer servings

than they bargained and paid for.

17.     This case seeks to recover 21.1% of all retail sales of the Cereals in damages, or $1.12 for every box of Cereals sold to consumers due to Defendant's breach of express and implied warranties, false, deceptive, misleading, and unfair marketing, and advertising in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), and unjust enrichment. Plaintiff also seeks injunctive relief.

## PARTIES

18.     Plaintiff Alex Landry is an Illinois citizen residing in Madison County, Illinois. Plaintiff purchased the Cereals regularly and approximately five times per year during the Class Period (as defined below) from Schnucks in Collinsville, Illinois.  As recently as January or February 2023, Plaintiff purchased the Cereals at Schnucks for personal, family, or household purposes after reviewing the packaging label and noting that it claimed to contain 15 servings per container, which deceived him.  The purchase price of the Cereals were $2.19 per container.

19.     The labels of each variety of the Cereals are substantially similar such that Plaintiff has standing to bring claims relating to each variety of the Cereal.

20.     Defendant Post Consumer Brands, LLC is a Delaware corporation with its principal place of business in Lakeville, Minnesota.

## JURISDICTION AND VENUE

21.     This Court has subject matter jurisdiction over this action because the amount in controversy exceeds the minimum jurisdictional limits of the Court.

22.     This Court has personal jurisdiction over Defendant because Defendant has more than minimum contacts with the State of Illinois and has purposefully availed itself of the privilege of conducting business in this state.  In addition, as explained below, Defendant

committed affirmative tortious acts within the State of Illinois that gives rise to civil liability, including distributing the Cerealss for sale throughout the State of Illinois and the United States.

23.     Venue is proper in this forum pursuant to 735 ILCS 5/2-101 because Schnucks can be found in this county.

## ALLEGATIONS OF FACT

24.     Defendant manufactures, markets, and sells the Cereals throughout the State of Illinois and the United States.

25.     The Nutrition Facts panel on the label of each variety of the Cereal states that each box has 15 servings.

26.     The Nutrition Facts panel on the label of each variety of the Cereal states that the serving size is 1 cup, with each serving weighing 36 grams:

| Nutrition Facts | |
|---|---|
| About 15 servings per container | |
| **Serving size** | **1 cup (36g)** |
| Amount per serving | |
| **Calories** | **140** |
| | **% Daily Value\*** |
| Total Fat 1.5g | 2% |
| Saturated Fat 0g | 0% |
| Trans Fat 0g | |
| Cholesterol 0mg | 0% |
| Sodium 150mg | 8% |
| Total Carbohydrate 31g | 11% |
| Dietary Fiber 0g | 0% |
| Total Sugars 12g | |
| Incl. 12g Added Sugars | 25% |
| Protein 1g | |
| Vitamin D 2mcg | 10% |
| Calcium 0mg | 0% |
| Iron 1mg | 6% |
| Potassium 20mg | 0% |
| Vitamin A | 50% |
| Vitamin C | 10% |
| Thiamin | 35% |
| Riboflavin | 40% |
| Niacin | 40% |
| Vitamin B$_6$ | 25% |
| Folate 240mcg DFE (140mcg folic acid) | 60% |
| Vitamin B$_{12}$ | 80% |
| Zinc | 15% |
| \* The % Daily Value (DV) tells you how much a nutrient in a serving of food contributes to a daily diet. 2,000 calories a day is used for general nutrition advice. | |

27.     Preliminary testing from twelve different containers from twelve different lots of the Cereals showss, however, that a 1 cup serving of each variety of the Cereals actually weighs substantially more than 36 grams.

28.     The serving size of 1 cup of Cocoa Pebbles weighs 48 grams.

29.     Using the correct weight of a serving size of the Plain Cereals (48g), the Cocoa Pebbles box contains on average 3.5 less servings than represented.

30.     Thus, the Cocoa Pebbles box contains on average 23.1% less servings than represented by Defendant.

31.     The container of the Cocoa Pebbles therefore only makes 11.5 servings.

32.     The serving size of 1 cup of Fruity Pebbles weighs 45.5g.

33.     Using the correct weight of a serving size of the Fruity Pebbles (45.5g), the box of Fruity Pebbles contains on average 2.9 less servings than represented.

34.     Thus, the Fruity Pebbles contain on average 19.1% less servings than represented by Defendant.

35.     This case seeks to recover 21.1% of the purchase price of total retail sales of the Product during the Class Period.

36.     Defendant placed the Cereals with the misleading labels into the stream of commerce, where it was purchased by Plaintiff and Class Members.

37.     At all times, Defendant intended Plaintiff and Class Members to rely on their serving-size representations.

38.     Plaintiff and Class Members relied on the label of the Cereals to state the truth about the number of servings in the containers.

39.     Plaintiff and Class Members expected to receive the number of servings stated on the

labels.

40.     Plaintiff and Class Members did not get what they paid for.

41.     Plaintiff and Class Members received a product that was inferior to the product as described on the label by the Defendant in that the boxes of Cereals contained far fewer servings than were promised.

42.     Because Plaintiff and Class Members received fewer servings than represented, the value of the Cereals was materially less than its value as represented by Defendant.

43.     Plaintiff and Class Members did not, nor could be expected to know, that the Cereals would not provide the number of servings promised on the label.

44.     The Cereals were worth less than what Plaintiff paid, and he would not have paid as much absent Defendant's false and misleading serving-size statements.

45.     Defendant's serving-size misrepresentation is material in that it concerns the type of information upon which a reasonable consumer would be expected to rely on in deciding whether to purchase the Cereals.

46.     As a result of the misrepresented serving size, Plaintiff and Class Members paid for servings they did not receive.

47.     Plaintiff and Class Members would either not have purchased the Cereals or would have paid less for it had they known the truth.

48.     Plaintiff and Class Members have been deceived by Defendant's misrepresentation.

49.     At all times, Defendant's misrepresentation was known or intentional. Defendant knew: (a) the weight of the serving size of the Cereals; (b) that the Nutrition Facts panel misrepresented the number of servings; (c) that reasonable consumers would view, assume true,

and rely upon information on the label in making their purchasing decisions; and (d) that it was fraudulently charging consumers for servings of the Cereals they did not receive.

50.     Plaintiff provided Defendant with pre-suit notice of a breach of warranty on June 30, 2023.

51.     Defendant's unfair and deceptive practices continue as of the time of the filing of this Complaint and there is no reason to believe that Defendant will discontinue those practices voluntarily.

## **CLASS ALLEGATIONS**

52.     Pursuant to 735 ILCS 5/2-801 *et. seq.*, Plaintiff brings this action on his own behalf and on behalf of proposed Classes of all other similarly situated persons ("Class Members" of the "Classes") consisting of:

> All individuals who purchased in Illinois Cocoa Pebbles and/or Fruity Pebbles in the five years preceding the filing of this Complaint up through the date of notice (the "Class Period"); and/or
>
> All individuals who purchased in the United States Cocoa Pebbles and/or Fruity Pebbles during the Class Period.

53.     Specifically excluded from the Classes are Defendant; Defendant's officers, directors, or employees; any entity in which Defendant has a controlling interest; any affiliate, legal representative, heir, or assign of Defendant and any person acting on their behalf. Also excluded from the Classes are any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, all State agencies; and any juror assigned to this action.

54.     Upon information and belief, the Classes consist of at least hundreds of purchasers. Accordingly, it would be impracticable to join all Class Members before the Court.

55.     There are numerous and substantial questions of law or fact common to all of the members of the Classes and which predominate over any individual issues. Included within the common question of law or fact are:

a.      whether the number of servings on the label of the Cereals is false, misleading, and deceptive;

b.      whether Defendant violated ICFA by selling the Cereals with false, misleading, and deceptive representations;

c.      whether Defendant's acts constitute deceptive, unfair or fraudulent business acts and practices or deceptive, untrue, and misleading advertising;

d.      whether Defendant's breached express and/or implied warranties to Plaintiff and the Class Members;

e.      whether Defendant intended that Plaintiff and the Class Members would rely on its representations;

f.      whether Defendant was unjustly enriched; and

g.      the proper measure of damages sustained by Plaintiff and Class Members.

56.     Plaintiff's claims are typical of the claims of Class Members, in that they are based on the same conduct and practices of Defendant, the legal claims are the same, and the central liability questions are the same.

57.     Class Members and Plaintiff have no interests adverse to the interests of other Class Members.

58.     Plaintiff will fairly and adequately protect the interests of Class Members and has retained competent and experienced counsel.

59.     A class action is superior to other methods for the fair and efficient adjudication of this controversy, since individual joinder of all Class Members is impracticable and no other group

method of adjudication of all claims asserted herein is more efficient and manageable for at least the following reasons:

      a.     the common questions of law and fact presented predominate over any individualized questions;

      b.     absent Classes, the Class Members will continue to suffer damage and Defendant's unlawful conduct will continue without remedy while Defendant profits from and enjoys their ill-gotten gains;

      c.     given the size of individual Class Members' claims, few, if any, Class Members could afford to or would seek legal redress individually for the wrongs Defendant has committed against them, and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions;

      d.     when the liability of Defendant has been adjudicated, claims of all Class Members can be administered efficiently and/or determined uniformly by the Court; and

      e.     this action presents no difficulty that would impede its management by the Court as a class action, which is the best available means by which Plaintiff and members of the Classes can seek redress for the harm caused to them by Defendant.

60. Because Plaintiff seeks relief for the entire Classes, the prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudications with respect to individual members of the Classes, which would establish incompatible standards of conduct for Defendant.

61. Further, bringing individual claims would overburden the Courts and be an inefficient method of resolving the dispute. As a consequence, class treatment is a superior method for adjudication of the issues in this case.

## CLAIMS FOR RELIEF

### <u>COUNT I</u>
### (Breach of Express Warranty)

62.    Plaintiff repeats and re-alleges the allegations of the preceding paragraphs 1-61 as if fully set forth herein.

63.    Defendant made the affirmation of fact and the promise to Plaintiff and the Class Members that the containers of the Cereals contain 15 servings, guaranteeing to Plaintiff and the Class Members that the Cereals were in conformance with the representations.

64.    These affirmations of fact and promises became part of the basis of the bargain of Plaintiff's and Class Members' purchases, and Plaintiff and Class Members relied on the affirmations when making their purchasing decisions.

65.    Defendant breached their express warranty by providing Plaintiff and Class Members with fewer servings than represented on the packaging.

66.    As a result of Defendant's breach of warranty, Plaintiff and the Class Members have been deprived of the benefit of their bargain in that they bought a product that was not what it was represented to be, and they have spent money on a product that had less value than was reflected in the inflated price they paid for the Cereals.

67.    As a proximate result of Defendant's breach of express warranty, Plaintiff and Class Members suffered economic damages, including the value of the servings they did not receive, or 21.1% of the purchase price, as well as any other damages proximately caused by Defendant's breach of express warranty.

## Count II
### (Breach of Implied Warranty)

68.     Plaintiff repeats and re-alleges the allegations of the preceding paragraphs 1-61 as if fully set forth herein.

69.     By advertising and selling the Cereals, Defendant made implied promises and affirmations of fact concerning the Cereals, as described herein. These implied warranties became part of the basis of the bargain between Plaintiff and the members of the Classes, and the Defendant.

70.     Defendant, through its advertising and labeling, impliedly warranted that the Cereals comport with the label representations, that the label representations are accurate, and that the Cereals provide the stated number of servings.

71.     Defendant breached the warranty implied in the contract for the sale of the Cereals because the Cereals cannot pass without objection in the trade under the contract description, the Cereals were not a fair average quality within the description, and the Cereals were not as represented.  As a result, Plaintiff and Class Members did not receive the goods as impliedly warranted by Defendant to be merchantable.

72.     At the time of the purchase, Plaintiff and members of the Classes did not know, and had no reason to know, that the Cereals were not as it was warranted to be.

73.     Defendant knew that the Cereals were not as they warranted them to be.

74.     Plaintiff and members of the Classes purchased the Cereals.

75.     Plaintiff provided Defendant with pre-suit notice of the breach of warranty.

76.     As the direct and proximate result of Defendant's breach of implied warranty, Plaintiff and members of the Classes were harmed in the amount of 21.1% of the purchase price

they paid for the Cereals.  Plaintiff and members of the Classes have suffered and continue to

suffer economic losses and other general and specific damages including, but not limited to, the

amount paid for the Cereals, and any interest that would have accrued on those monies in an

amount to be proven at trial.

**COUNT III**
**Violation of ICFA**
**(Deceptive Practices)**

77.     Plaintiff repeats and re-alleges the allegations of the preceding paragraphs 1-61 as

if fully set forth herein.

78.     Defendant engaged in a deceptive practice by misrepresenting the number of

servings in the Cereals.  The Cereals were therefore worth less than the Cereals as represented.

79.     Defendant's misrepresentation is material because it conveyed false information

that Plaintiff and Class Members relied on when considering whether to purchase the Cereals.

80.     Defendant engaged in these deceptive practices in the course of its trade or

commerce because Defendant is in the business of manufacturing, distributing, and selling the

Cereals, and it does so throughout Illinois and in St. Clair County.

81.     Defendant's deceptive practices proximately caused Plaintiff and Class Members

damages, in that they received less servings than advertised. Plaintiff and Class Members therefore

did not receive the benefit of their bargain.

82.     Plaintiff's and Class Members' damages include the value of the servings they did

not receive, or the difference between what they paid for the Cereals and what the Cereals were

actually worth.  Because the Cereals were not as represented, the Cereals as sold were worth less

than the Cereals as represented, and Plaintiff and Class Members paid an excess amount for it.  Had

Plaintiff and Class Members known the truth, they would have paid less for the Cereals by 21.1%.

<u>**COUNT IV**</u>
**Violation of ICFA**
**(Unfair Practices)**

83.    Plaintiff repeats and re-alleges the allegations of the preceding paragraphs 1-61 as if fully set forth herein.

84.    Defendant engaged in unfair acts or practices by weighing a serving size of the Cereals inaccurately, not weighing a serving size of the Cereals with sufficient regularity or failing to weigh it at all.

85.    Defendant engaged in these unfair acts or practices in the course of its trade or commerce because Defendant is in the business of manufacturing, distributing, and selling the Cereals, and it does so throughout Illinois and in St. Clair County.

86.    Defendant's unfair acts or practices offend public policy and are immoral, unethical, oppressive, or unscrupulous, because they affect the serving size and the associated nutritional facts of the Cereals.  In other words, Plaintiff and Class Members are not receiving truthful information about how much of the Cereals they are ingesting and its nutritional value.

87.    Defendant's acts are also unfair because they are against the public policy set forth in the Illinois Food, Drug and Cosmetic Act, 410 ILCS 620/11, which provides that a food is misbranded if its labeling is false or misleading in any particular.  410 ILCS 620/11(a).

88.    Defendant's unfair practices proximately caused Plaintiff and Class Members damages, in that they received 21.1% less servings then promised.  Plaintiff and Class Members therefore did not receive the benefit of their bargain.

89.    Plaintiff's and Class Members' damages include the value of the servings they did not receive or the difference between what they paid for the Cereals and what the Cereals were actually worth.  Because the Cereals were not as represented, the Cereals as sold were worth less

than the Cereals as represented, and Plaintiff and Class Members paid an excess amount for them. Had Plaintiff and Class Members known the truth, they would have paid 21.1% less for the Cereals.

90.    Plaintiff's and Class Members' damages are substantial, are not outweighed by any countervailing benefits, and are damages Plaintiff and Class Members could not reasonably have avoided.

## COUNT V
### (IUDTPA)

91.    Plaintiff repeats and re-alleges the allegations of the preceding paragraphs 1-61 as if fully set forth herein.

92.    Defendant in the course of its business: (1) represents that the Cereals have characteristics and quantities that they do not have; (2) represents that the Cereals are of a particular standard, quality, or grade when they are of another; and (3) advertises the Cereals with the intent not to sell them as advertised.  Namely, Defendant misrepresents and advertises that the Cereals have more servings than they actually provide.

93.    Plaintiff is likely to be damaged by Defendant's practices because Plaintiff intends to, seeks to, and will purchase the Cereals again when he can do so with the assurance that representations on the Cereals are accurate.  However, unless the Court intervenes, Plaintiff cannot determine whether Defendant's representations on the label are accurate without purchasing the Cereals again – in which case he risks future economic harm.

94.    Plaintiff therefore seeks injunctive relief, including the prohibition of the sales of the Cereals in Illinois.

## COUNT VI
### (Unjust Enrichment)

95.     Plaintiff repeats and re-alleges the allegations of the preceding paragraphs 1-61 as if fully set forth herein.

96.     In the alternative to each of the foregoing counts, Plaintiff and Class Members enriched Defendant by conferring a benefit on Defendant through their purchases of the Cereals.

97.     Defendant accepted and retained the benefits Plaintiff and Class Members bestowed on them in the form of the profits and revenues they received as a result of their purchase of the Cereals.

98.     Because Plaintiff and Class Members conferred the financial benefits on Defendant as a result of Defendant's fraudulent and misleading representations and unfair actions, it would be inequitable and unjust for Defendant to retain those benefits.

99.     Defendant has been enriched at Plaintiff's and Class Members' expense.

100.    Plaintiff and Class Members are therefore entitled to restitution, and Defendant should be required to disgorge their ill-gotten enrichment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all similarly situated persons, prays the Court:

   a.     enter judgment jointly and severally against Defendant and in favor of Plaintiff and the Classes including an award of all recoverable damages;

   b.     grant certification of this case as a class action;

   c.     appoint Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel

   d.     enjoin the sales of the Cereals in Illinois;

e.      award compensatory damages to Plaintiff and the proposed Classes or, alternatively, require Defendant to disgorge or pay restitution;

f.      award statutory and punitive damages to Plaintiff and the proposed Classes;

g.      award pre- and post-judgment interest;

h.      award reasonable and necessary attorneys' fees and costs to Class counsel; and

**i.**      for all such other and further relief as may be just and proper.

Dated:  May 17, 2024                    Respectfully submitted,


By:      */s/David C. Nelson*_____
          David C. Nelson (ARDC 6225722)
          NELSON & NELSON, ATTORNEYS AT LAW, P.C.
          420 North High Street, P.O. Box Y
          Belleville, IL 62222
          Tel:    618-277-4000
          Email: dnelson@nelsonlawpc.com

          Matthew H. Armstrong (ARDC 6226591)
          ARMSTRONG LAW FIRM LLC
          2890 W. Broward Blvd. Unit B, #305
          Ft. Lauderdale, FL 33312
          Tel:    314-258-0212
          Email: matt@mattarmstronglaw.com

          Robert L. King (ARDC 6209033)
          THE LAW OFFICE OF ROBERT L. KING
          9506 Olive Blvd., Suite 224
          St. Louis, MO  63132
          Tel:    314-246-0702
          Email: king@kinglaw.com

          Stuart L. Cochran (*pro hac vice application forthcoming*)
          Texas State Bar No. 24027936
          CONDON TOBIN SLADEK THORNTON NERENBERG PLLC
          8080 Park Ln., Ste 700
          Dallas, TX 75231
          Tel:    214-865-3804
          Email: scochran@condontobin.com

          *Attorneys for Plaintiff and the Putative Class*

Electronically Filed
Kinnis Williams, Sr.
Circuit Clerk
Nora Sternau
24LA0717
St. Clair County
5/17/2024 3:38 PM
27747115

## IN THE CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT
## COUNTY OF ST. CLAIR, STATE OF ILLINOIS

ALEX LANDRY, individually and on    )
behalf of all other similarly situated current   )
citizens of Illinois and the United States,    )
                          )
      Plaintiff,                   )     No. 24-LA-0717
                          )
v.                               )
                          )
POST CONSUMER BRANDS, LLC,     )
                          )
      Defendant.                 )

## AFFIDAVIT OF DAMAGES

      This affidavit is made pursuant to Supreme Court Rule 222(b).  Under the penalties of

perjury as provided by Section 1-109 of the Code of Civil Procedure, the undersigned certifies

that the money damages sought by Plaintiff herein do exceed $50,000.00.

Dated:  May 17, 2024           Respectfully submitted,


           By:     */s/David C. Nelson*
                    David C. Nelson (ARDC 6225722)
                    NELSON & NELSON, ATTORNEYS AT LAW, P.C.
                    420 North High Street, P.O. Box Y
                    Belleville, IL 62222
                    Tel:    618-277-4000
                    Email: dnelson@nelsonlawpc.com

                    Matthew H. Armstrong (ARDC 6226591)
                    ARMSTRONG LAW FIRM LLC
                    2890 W. Broward Blvd. Unit B, #305
                    Ft. Lauderdale, FL 33312
                    Tel:    314-258-0212
                    Email: matt@mattarmstronglaw.com

Robert L. King (ARDC 6209033)
THE LAW OFFICE OF ROBERT L. KING
9506 Olive Blvd., Suite 224
St. Louis, MO  63132
Tel:    314-246-0702
Email: king@kinglaw.com

Stuart L. Cochran (*pro hac vice application forthcoming*)
Texas State Bar No. 24027936
CONDON TOBIN SLADEK THORNTON NERENBERG PLLC
8080 Park Ln., Ste 700
Dallas, TX 75231
Tel:    214-865-3804
Email: scochran@condontobin.com

*Attorneys for Plaintiff and the Putative Class*

Electronically Filed
Kinnis Williams, Sr.
Circuit Clerk
Nora Sternau
24LA0717
St. Clair County
5/17/2024 3:38 PM
27747115

**IN THE CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT
COUNTY OF ST. CLAIR, STATE OF ILLINOIS**

| | | |
|---|---|---|
| ALEX LANDRY, individually and on behalf of all other similarly situated current citizens of Illinois and the United States, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | No. 24-LA- 0717 |
| | ) | |
| v. | ) | |
| | ) | |
| POST CONSUMER BRANDS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ENTRY OF APPEARANCE

NOW COMES DAVID C. NELSON and the law firm of NELSON & NELSON,

ATTORNEYS AT LAW, P.C., and hereby enter their appearance as attorneys of record for the

Plaintiff, Alex Landry, in the above-entitled proceedings.

Dated: May 17, 2024                Respectfully Submitted,


                          By:     */s/David C. Nelson*
                                  David C. Nelson (ARDC 6225722)
                                  NELSON & NELSON, ATTORNEYS AT LAW, P.C.
                                  420 North High Street, P.O. Box Y
                                  Belleville, IL 62222
                                  Tel:    618-277-4000
                                  Email: dnelson@nelsonlawpc.com

                                  *Attorneys for Plaintiff and the Putative Class*

Electronically Filed
Kinnis Williams, Sr.
Circuit Clerk
Nora Sternau
24LA0717
St. Clair County
5/17/2024 3:38 PM
27747115

**IN THE CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT
COUNTY OF ST. CLAIR, STATE OF ILLINOIS**

ALEX LANDRY, individually and on    )
behalf of all other similarly situated current )
citizens of Illinois and the United States,  )
                              )
      Plaintiff,                  )     No. 24-LA- 0717
                              )
v.                             )
                              )
POST CONSUMER BRANDS, LLC,    )
                              )
      Defendant.          )

## ENTRY OF APPEARANCE

NOW COMES MATTHEW H. ARMSTRONG and the law firm of ARMSTRONG

LAW FIRM LLC, and hereby enter their appearance as attorneys of record for the Plaintiff, Alex

Landry, in the above-entitled proceedings.

Dated:  May 17, 2024         Respectfully Submitted,

                    By:    */s/ Matthew H. Armstrong*
                         Matthew H. Armstrong (ARDC 6226591)
                         ARMSTRONG LAW FIRM LLC
                         2890 W. Broward Blvd. Unit B, #305
                         Ft. Lauderdale, FL 33312
                         Tel:    314-258-0212
                         Email: matt@mattarmstronglaw.com

                         *Attorneys for Plaintiff and the Putative Class*

Electronically Filed
Kinnis Williams, Sr.
Circuit Clerk
Nora Sternau
24LA0717
St. Clair County
5/17/2024 3:38 PM
27747115

## IN THE CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT
## COUNTY OF ST. CLAIR, STATE OF ILLINOIS

|  |  |  |
|---|---|---|
| ALEX LANDRY, individually and on behalf of all other similarly situated current citizens of Illinois and the United States, | ) ) ) ) | |
| Plaintiff, | ) | No. 24-LA- 0717 |
| v. | ) ) | |
| POST CONSUMER BRANDS, LLC, | ) ) | |
| Defendant. | ) ) | |

### ENTRY OF APPEARANCE

NOW COMES ROBERT L. KING and THE LAW OFFICE OF ROBERT L. KING, and

hereby enter their appearance as attorneys of record for the Plaintiff, Alex Landry, in the above-

entitled proceedings.

Dated:  May 17, 2024                    Respectfully Submitted,


By:     */s/ Robert L. King*_____
          Robert L. King (ARDC 6226591)
          THE LAW OFFICE OF ROBERT L. KING
          9506 Olive Blvd., Suite 224
          St. Louis, MO  63132
          Tel:    (314) 246-0702
          Email: king@kinglaw.com

          *Attorneys for Plaintiff and the Putative Class*


Page 1 of 1
Case No:  24-LA-

Electronically Filed
Kinnis Williams, Sr.
Circuit Clerk
Nora Sternau
24LA0717
St. Clair County
5/17/2024 3:38 PM
27747115

## IN THE CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT
## COUNTY OF ST. CLAIR, STATE OF ILLINOIS

ALEX LANDRY, individually and on   )
behalf of all other similarly situated current  )
citizens of Illinois and the United States,   )
                                )
     Plaintiff,                )     No. 24-LA- 0717
                                  )
v.                                  )
                                  )
POST CONSUMER BRANDS, LLC,    )
                                  )
     Defendant.            )

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

COMES NOW Plaintiff, Alex Landry, individually and on behalf of all other similarly situated current Illinois citizens and current citizens of the United States, by and through counsel and moves for certification of classes defined as follows:

> All individuals who purchased in Illinois Cocoa Pebbles and/or Fruity Pebbles in the five years preceding the filing of this Complaint up through the date of notice (the "Class Period"); and/or

> All individuals who purchased in the United States Cocoa Pebbles and/or Fruity Pebbles during the Class Period.

> Excluded from the Classes are: (a) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; (b) any entity in which Defendant has a controlling interest, to include, but not limited to, their legal representative, heirs, and successors; (c) all persons who are presently in bankruptcy proceedings or who obtained a bankruptcy discharge in the last three years; and (d) any judicial officer in the lawsuit and/or persons within the third degree of consanguinity to such judge.

Section 2-801 of the Illinois Code of Civil Procedure sets forth the prerequisites needed to maintain a class action. Under section 2-801, a class may be certified only if the following four requirements are established:  "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members; (3) the representative parties will fairly and adequately protect the interests of the class; and (4) the class action is an appropriate method for the fair and efficient adjudication of the controversy." *Id.*

"To determine whether the proposed class should be certified, the court accepts the allegations of the complaint as true." *Clark v. TAP Pharmaceutical Products, Inc.,* 343 Ill.App.3d 538, 544-45 (5th Dist. 2003). "The trial court has broad discretion to determine whether a proposed class satisfies the requirements for class certification and should err in favor of maintaining class [certifications]." *Id.*

### 1.   *The Classes Are So Numerous that Joinder of All Members is Impracticable.*

"[T]here is no magic number that clearly defines numerosity. Some evidence of the number of class members must be shown, but the exact class size is not required, and a good-faith estimate is sufficient when the number of class members is not readily ascertainable." *Smith v. Ill. Cent. R.R. Co.,* 363 Ill. App. 3d 944, 954 (5th Dist. 2005), *rev'd on other grounds,* 223 Ill. 2d 441 (2006). The Fifth District noted with approval that certification of "a class of 40 to 50 … was sufficient to satisfy the numerosity requirement." *Id.* (citing *Sala v. Nat'l R.R. Passenger Corp.,* 120 F.R.D. 494, 497 (E.D. Pa. 1988)); *see also Cruz v. Unilock Chicago,* 383 Ill. App. 3d 752, 767-68 (1st Dist. 2008) (80 to 90 class members supported a finding of numerosity.). Where there are a number of potential claimants, and the individual amount claimed by each is small, making redress on an individual level difficult, if not impossible, Illinois courts have been particularly

receptive to proceeding on a class action basis. *P.J.'s Concrete Pumping Serv., Inc. v. Nextel W. Corp.*, 345 Ill. App. 3d 992, 1004 (2d Dist. 2004) ("The consumer class action is an inviting procedure to address alleged frauds that, like here, cause small damages to large groups").The proposed classes here satisfy the numerosity requirement because there are at least hundreds of consumers who have purchased the offending Cereal.

### 2. There Are Questions of Fact and Law Common to the Classes and Common Questions Predominate Over Any Questions Affecting Only Individual Members.

"In order to satisfy the second requirement of section 2-801, namely that a common question of fact or law predominates over other questions affecting only individual class members, it must be shown that successful adjudication of the purported class representatives individual claims will establish a right of recovery in other class members." *Ramirez v. Midway Moving & Storage, Inc.*, 378 Ill. App. 3d 51, 54 (1st Dist. 2007) (quoting *Hall v. Sprint Spectrum, L.P.*, 376 Ill. App. 3d 822, 830-32 (5th Dist. 2007)). As long as there are questions of fact or law common to the class and these predominate over questions affecting only individual members of such class, the statutory requisite is met. *Id.* (citing *Slimack v. Country Life Insurance Co.*, 227 Ill.App.3d 287, 292 (5th Dist. 1992)).

> Determining whether issues common to the class predominate over individual issues requires the court to identify the substantive issues that will control the outcome, assess which issues will predominate, and then determine whether these issues are common to the class. Such an inquiry requires the court to look beyond the pleadings to understand the claims, defenses, relevant facts, and applicable substantive law.

*Id.* (citations omitted). "Once the basic determination has been made that a predominating common question of fact or law exists, the fact that there may be individual questions will not defeat the predominating common question. The requirement of individual proofs should not be a bar to a class action.

Certification require[s] only that there be either a predominating common issue of law or fact, not both. *Martin v. Heinold Commodities, Inc.,* 117 Ill. 2d 67, 81 (1994). And it has long been established that "[a] class action can properly be prosecuted where a defendant is alleged to have acted wrongfully in the same basic manner as to an entire class. In such circumstances, the common class questions still predominate the case, and the class action is not defeated." *Gordon v. Boden,* 224 Ill. App. 3d 195, 201 (1st Dist. 1991) (citations omitted). A common question may be shown when class members are aggrieved by the same or similar conduct. *Id.*

Among the several common, predominating questions this case presents (*see* Plaintiff's complaints for others) is this core question: whether Post Consumer Brands, LLC unlawfully charged Plaintiff and Class Members for servings of Cereal which they did not receive, in violation of the Illinois Consumer Fraud Act, thereby unjustly enriching itself.

### 3. *Plaintiff Will Fairly and Adequately Protect the Interests of the Classes.*

The purpose of the adequate representation requirement is to ensure that all class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim. *Walczak v. Onyx Acceptance Corp.,* 365 Ill. App. 3d 664, 678 (2d Dist. 2006). The test to determine the adequacy of representation is whether the interests of those who are parties are the same as those who are not joined. Plaintiff's interests are the same as those of class members because each was harmed in the same way, and each has the same interest in recovering for Defendant's unfair practices.

### 4. *A Class Action Is an Appropriate Method for the Fair and Efficient Adjudication of the Controversy.*

The fourth requirement for class certification is that the class action is an appropriate method for fairly and efficiently adjudicating the controversy. *Ramirez*, 378 Ill. App. 3d at 56. In deciding whether the fourth requirement is met, a court considers whether a class action can best

secure economies of time, effort, and expense or accomplish the other ends of equity and justice that class actions seek to obtain. *Id.*

Consumer class actions are "often the last barricade of consumer protection." *Hall v. Sprint Spectrum L.P.*, 376 Ill. App. 3d 822, 834 (5th Dist. 2007). "Because a consumer class action provides restitution to the injured and deterrence to the wrongdoer, the ends of equity and justice are accomplished. Furthermore, because there are numerous class members and common questions, a class action serves the economies of time, effort, and expense and prevents possible inconsistent results." *Id.* The class action mechanism can best secure economies of time, effort, and expense or accomplish the other ends of equity and justice that class actions seek to obtain, because no individual class member would have the resources to pursue his or her claims absent the class mechanism, considering the amount in controversy for each claimant. In this case, as in *Hall*, "litigating the individual lawsuits would be a waste of judicial resources and addressing the common issues in one class action would aid judicial administration." *Id.*

Plaintiff expressly reserves the right to amend this motion as this case progresses.

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order (1) certifying the class as defined above; (2) appointing Plaintiff Alex Landry as Class Representative; (3) appointing David C. Nelson, Matthew H. Armstrong, Robert L. King and Stuart L. Cochran as Co-Class Counsel, (4) and for such further relief as the Court determines fair and just.

Dated: May 17, 2024        Alex Landry, Individually, and on Behalf of a Class of
                                      Similarly Situated Individuals, Plaintiff

              By:    */s/David C. Nelson*
                    David C. Nelson (ARDC 6225722)
                    NELSON & NELSON, ATTORNEYS AT LAW, P.C.
                    420 North High Street, P.O. Box Y
                    Belleville, IL 62222
                    Tel:    618-277-4000
                    Email: dnelson@nelsonlawpc.com

Matthew H. Armstrong (ARDC 6226591)
ARMSTRONG LAW FIRM LLC
2890 W. Broward Blvd. Unit B, #305
Ft. Lauderdale, FL 33312
Tel:    314-258-0212
Email: matt@mattarmstronglaw.com

Robert L. King (ARDC 6209033)
THE LAW OFFICE OF ROBERT L. KING
9506 Olive Blvd., Suite 224
St. Louis, MO  63132
Tel:    314-246-0702
Email: king@kinglaw.com

Stuart L. Cochran (*pro hac vice application forthcoming*)
Texas State Bar No. 24027936
CONDON TOBIN SLADEK THORNTON NERENBERG PLLC
8080 Park Ln., Ste 700
Dallas, TX 75231
Tel:    214-865-3804
Email: scochran@condontobin.com

*Attorneys for Plaintiff and the Putative Class*