# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALEX LANDRY, individually and on behalf of all other similarly situated current citizens of Illinois and the United States<br>**Plaintiff,**<br><br>vs<br><br>POST CONSUMER BRANDS, LLC<br>**Defendant.** | **CIVIL NO.** 3:24-CV-1661-spm<br><br>**CJRA TRACK:** TRACK D<br><br>**PRESUMPTIVE TRIAL MONTH:** February 2027<br><br>**JUDGE:** Stephen P. McGlynn |

## JOINT REPORT OF THE PARTIES AND PROPOSED SCHEDULING AND DISCOVERY ORDER

### (CLASS ACTION)

Pursuant to Federal Rule of Civil Procedure 26(f), SDIL-LR 26.1, and SDIL-LR 23.1, an initial conference of the parties was held on April 2, 2025 with attorneys Andrew G. Phillips (for Defendant) and Robert L. King (for Plaintiff) participating.

SCHEDULING AND DISCOVERY PLANS WERE DISCUSSED AND AGREED TO AS FOLLOWS:

1. Discovery prior to Class Certification must be sufficient to permit the Court to determine whether the requirements of Federal Rule of Civil Procedure 23 are satisfied, including a sufficient inquiry into the merits of the case to ensure appropriate management of the case as a Class Action. Once class certification is decided, the Court will schedule an additional conference with the parties to address entering a new discovery order, addressing any additional merits discovery needed as necessary.

2. Initial interrogatories and requests to produce, pursuant to Federal Rules of Civil Procedure 33 and 34 and SDIL-LR 33.1, shall be served on opposing parties by June 9, 2025.

3. Plaintiff(s) depositions shall be taken by November 21, 2025.

4. Defendant(s) depositions shall be taken by November 21, 2025.

5. Third Party actions must be commenced by July 8, 2025 (which date shall be no late than 90 days following the scheduling conference).

6. Expert witnesses for Class Certification, if any, shall be disclosed, along with a

written report prepared and signed by the witness pursuant to Federal Rule of Civil Procedure 26(a)(2), as follows:

Plaintiff(s) expert(s): <u>February 9, 2026</u>.

Defendant(s) expert(s): <u>April 10, 2026</u>.

The parties reserve the right to designate rebuttal and sur-rebuttal experts and agree to meet and confer regarding the schedule for disclosure and discovery of such experts after initial experts have been disclosed.

7. Depositions of Class Certification expert witnesses must be taken by: May 21, 2026.

8. The parties **CERTIFY** that they have discussed, in particular, the proportionality of discovery, the burden and expense associated with discovery, and the discovery of electronically stored information (ESI). The parties ☐ do ☒ do not anticipate a need for an ESI protocol. The parties shall submit to the Court any joint proposed ESI protocol no later than <u>N/A</u>. (The protocol shall contain mechanisms for addressing necessary topics concerning ESI to include sources of information, search terms, format of production and preservation of ESI by both Plaintiff(s) and Defendant(s)).

Plaintiff's counsel agrees to alleviate Defendant's burden of proposing and complying with an ESI protocol based on Defendant's counsel's representation that it will work cooperatively with Plaintiff's counsel to search for and produce documents, but either party may revisit this issue with the Court if the lack of an ESI protocol becomes problematic.

9. Plaintiff(s) Motion for Class Certification and Memorandum in Support shall be filed by June 15, 2026 (such date shall be no later than 8 months prior to the first day of the presumptive trial month or the first day of the month of the trial setting) and shall not exceed <u>40</u> pages.

10. Defendant(s) Memorandum in Opposition to Class Certification shall be filed by <u>July 31, 2026</u> and shall not exceed <u>40</u> pages.

11. Plaintiff(s) Reply Memorandum, if any, must be filed by <u>September 15, 2026</u>, and shall not exceed <u>25</u> pages.

12. The Class Certification hearing, if any, will be set by separate notice.

13. Dispositive Motions shall be filed on or before <u>October 26, 2026</u>.

14. The parties are reminded that, prior to filing any motions concerning discovery, they are first directed to meet and confer relating to any discovery disputes and

then contact the Court to arrange a telephone discovery dispute conference. If the dispute cannot be resolved in the first conference, the Court will establish, with the input of the parties, the mechanism for submitting written positions to the Court on an expedited basis.

| | |
|---|---|
| */s/ Robert L. King*<br>Robert L. King<br>king@kinglaw.com<br>The Law Office of Robert L. King<br>9506 Olive Blvd., Suite 224<br>St. Louis, Missouri 63132<br>(314) 246-0702<br><br>David C. Nelson<br>dnelson@nelsonlawpc.com<br>Nelson & Nelson, P.C.<br>420 North High Street, P.O. Box Y<br>Belleville, IL 62222<br>(618) 277-4000<br><br>Matthew H. Armstrong<br>matt@mattarmstronglaw.com<br>ARMSTRONG LAW FIRM LLC<br>8816 Manchester Rd., No. 109<br>St. Louis, MO 63144<br>(314) 258-0212<br><br>Stuart L. Cochran<br>(*pro hac vice motion forthcoming*)<br>scochran@condontobin.com<br>Condon Tobin Sladek<br>  Thornton Nerenberg, PLLC<br>8080 Park Lane, Suite 700<br>Dallas, Texas 75231<br>(214) 265-3800<br><br>*Attorneys for Plaintiff and the Putative Class* | */s/ Patrick D. Cloud*<br>Patrick D. Cloud<br>Illinois Bar No. 6282672<br>Heyl Royster Voelker & Allen, P.C.<br>105 West Vandalia Street<br>Mark Twain Plaza III, Suite 100<br>Edwardsville, Illinois 62025<br>(618) 650-7627<br>PCloud@heylroyster.com<br><br>Angela M. Spivey (pro hac vice)<br>Andrew G. Phillips (pro hac vice)<br>Troy A. Stram (pro hac vice)<br>Alston & Bird LLP<br>1201 W. Peachtree Street<br>Atlanta, Georgia 30309<br>(404) 881-7000 (telephone)<br>(404) 881-7777 (facsimile)<br>angela.spivey@alston.com<br>andrew.phillips@alston.com<br>troy.stram@alston.com<br><br>*Attorneys for Defendant*<br>*Post Consumer Brands, LLC* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 2, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which electronically delivered a copy of the same to all counsel of record.

*/s/ Robert L. King*
Robert L. King