# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS
# EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| ALEX LANDRY, individually and on behalf of all other similarly situated current citizens of Illinois and the United States, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 3:24-cv-1661-SPM |
| v. | ) ) ) | |
| POST CONSUMER BRANDS, LLC, | ) ) | |
| Defendant. | ) ) ) | |

## POST CONSUMER BRANDS, LLC'S ANSWER TO CLASS ACTION COMPLAINT

Patrick D. Cloud
Illinois Bar No. 6282672
HEYL ROYSTER VOELKER & ALLEN, P.C.
105 West Vandalia Street
Mark Twain Plaza III, Suite 100
Edwardsville, Illinois 62025
(618) 650-7627
PCloud@heylroyster.com

Angela M. Spivey (*pro hac vice*)
Andrew G. Phillips (*pro hac vice*)
Troy A. Stram (*pro hac vice*)
ALSTON & BIRD LLP
1201 W. Peachtree Street
Atlanta, Georgia 30309
(404) 881-7000 (telephone)
(404) 881-7777 (facsimile)
angela.spivey@alston.com
andrew.phillips@alston.com
troy.stram@alston.com

*Attorneys for Post Consumer Brands, LLC*

Defendant Post Consumer Brands, LLC ("Post") hereby responds to Plaintiff Alex Landry's Class Action Complaint ("Complaint") as follows:

## SUMMARY OF THE CASE

1. Admitted.

2. Defendant denies the allegations of paragraph 2 of the Complaint as stated. Defendant states that its labels speak for themselves and that Plaintiff's allegations do not comprehensively or accurately reflect the contents of those materials.

3. Defendant denies the allegations of paragraph 3 of the Complaint as stated. Defendant states that its labels speak for themselves and that Plaintiff's allegations do not comprehensively or accurately reflect the contents of those materials.

4. Defendant denies the allegations of paragraph 3 of the Complaint as stated. Defendant states that its labels speak for themselves and that Plaintiff's allegations do not comprehensively reflect the contents of those materials.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Defendant is without sufficient information to admit or deny Plaintiff's allegations regarding what this case seeks to recover. Defendant denies the remaining allegations of paragraph 12 of the Complaint, denies that any of the claims asserted by Plaintiff have merit, and denies that

1

Plaintiff is entitled to any recovery whatsoever.

  13. Denied.

  14. Denied.

  15. Denied.

  16. Denied.

  17. Defendant is without sufficient information to admit or deny Plaintiff's allegations regarding what "[t]his case seeks to recover." Defendant denies the remaining allegations of paragraph 17 of the Complaint, denies that any of the claims asserted by Plaintiff have merit, and denies that plaintiff is entitled to any recovery whatsoever.

## PARTIES

  18. Defendant is without sufficient information to admit or deny Plaintiff Landry's allegations regarding his residency, product purchases, or price paid, and therefore, denies same. Defendant denies that any representations on its packaging label were deceptive or misleading. Defendant denies the remaining allegations of paragraph 18 of the complaint.

  19. Defendant states that this paragraph is comprised of legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegations contained therein.

  20. Defendant admits that Post Consumer Brands, LLC is headquartered in Lakeville, Minnesota. Defendant denies the remaining allegations of paragraph 20 of the complaint, including that Post Consumer Brands, LLC is a Delaware corporation. Post Consumer Brands, LLC is a limited liability company.

  21. Defendant states that paragraph 21 of the Complaint is comprised of legal conclusions to which no response is required.

22. Defendant states that paragraph 22 of the Complaint is comprised of legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegations contained therein, denies that any of the claims asserted by Plaintiff have merit, and denies that Plaintiff is entitled to any recovery whatsoever.

23. Defendant states that paragraph 23 of the Complaint is comprised of legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegations contained therein.

## ALLEGATIONS OF FACT

24. Admitted.

25. Defendant denies the allegations of paragraph 25 of the Complaint as stated. Defendant states that its Nutrition Facts panel speaks for itself and that Plaintiff's allegation does not comprehensively or accurately reflect the contents of that statement.

26. Admitted.

27. Defendant is without sufficient information to admit or deny Plaintiff Landry's allegations regarding his "[p]reliminary testing," and therefore, denies same.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Defendant is without sufficient information to admit or deny Plaintiff's allegations

3

regarding what "[t]his case seeks to recover." Defendant denies the remaining allegations of paragraph 35 of the Complaint, denies that any of the claims asserted by Plaintiff have merit, and denies that plaintiff is entitled to any recovery whatsoever.

36. Defendant is without sufficient information to admit or deny Plaintiff's allegations regarding his purchases, and therefore, denies same. Defendant denies that its Cereals had "misleading labels," and denies the remaining allegations in Paragraph 36.

37. Defendant labels its products in compliance with applicable U.S. Food & Drug Administration regulations and guidance.  Defendant denies the remaining allegations contained Paragraph 37.

38. Defendant is without sufficient information to admit or deny Plaintiff's allegations regarding his purported "reli[ance] on the label," and therefore, denies same. Defendant denies the remaining allegations in Paragraph 38.

39. Defendant is without sufficient information to admit or deny Plaintiff's allegations regarding his purported "expect[ations]," and therefore, denies same. Defendant denies the remaining allegations in Paragraph 39.

40. Denied.

41. Denied.

42. Denied.

43. Defendant is without sufficient information to admit or deny Plaintiff's allegations regarding what Plaintiff or Class Members knew with respect to the Cereal labels, and therefore, denies same. Defendant denies the remaining allegations in paragraph 43.

44. Defendant states that paragraph 44 of the Complaint is comprised of legal conclusions to which no response is required. To the extent any response is required, Defendant denies the

allegations contained therein and specifically denies that Defendant's serving-size statements were "false and misleading" in any way. To the extent any further response is required, Defendant denies the allegations contained therein.

45. Defendant states that paragraph 45 of the Complaint is comprised of legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegations contained therein.

46. Denied.

47. Defendant states that paragraph 47 of the Complaint is comprised of legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegations contained therein.

48. Denied.

49. Denied.

50. Admitted.

51. Denied.

## CLASS ALLEGATIONS

52. Defendant admits that Plaintiff purports to bring this lawsuit on behalf of a putative class. Defendant denies the remaining allegations contained in this paragraph and specifically denies that this lawsuit may be certified or proceed as a class action.

53. Defendant admits that Plaintiff purports to provide a putative class definition and that Plaintiff purports to exclude certain individuals from the putative class. Defendant denies that this lawsuit may be certified or proceed as a class action.

54. Defendant states that this paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

Defendant denies that this lawsuit may be certified or proceed as a class action.

55. Defendant states that this paragraph and its subparts contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in contained therein. Defendant denies that this lawsuit may be certified or proceed as a class action.

56. Defendant states that this paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph. Defendant denies that this lawsuit may be certified or proceed as a class action.

57. Defendant states that this paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph. Defendant denies that this lawsuit may be certified or proceed as a class action.

58. Defendant states that this paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph. Defendant denies that this lawsuit may be certified or proceed as a class action.

59. Defendant states that this paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph. Defendant denies that this lawsuit may be certified or proceed as a class action.

60. Defendant states that this paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph. Defendant denies that this lawsuit may be certified or proceed as a class action.

61. Defendant states that this paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph. Defendant denies that this lawsuit may be certified or proceed as a class action.

**CLAIMS FOR RELIEF**

## COUNT I
### (Breach of Express Warranty)

62. Defendant reasserts its responses to paragraphs 1–61 of the Complaint.

63. Defendant denies the allegations of paragraph 63 of the Complaint as stated. Defendant states that its labels speak for themselves and that Plaintiff's allegations do not comprehensively and accurately reflect the contents of those materials. Defendant further states that this paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

64. Defendant lacks information sufficient to admit or deny allegations regarding Plaintiff's and putative class members' purported reliance, and therefore, denies same. Defendant further states that this paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants denies the allegations in this paragraph.

65. Denied.

66. Denied.

67. Denied.

## COUNT II
### (Breach of Implied Warranty)

68. Defendant reasserts its responses to paragraphs 1–61 of the Complaint.

69. Defendant denies the allegations contained in paragraph 69 of the Complaint. Defendant further states that the allegations contained in this paragraph were rendered moot by the Court's order granting in part Defendant's motion to dismiss (Dkt. 37).

70. Defendant denies the allegations contained in paragraph 70 of the Complaint. Defendant further states that the allegations contained in this paragraph were rendered moot by the Court's order granting in part Defendant's motion to dismiss (Dkt. 37).

71.   Defendant denies the allegations contained in paragraph 71 of the Complaint. Defendant further states that the allegations contained in this paragraph were rendered moot by the Court's order granting in part Defendant's motion to dismiss (Dkt. 37).

72.   Defendant denies the allegations contained in paragraph 72 of the Complaint. Defendant further states that the allegations contained in this paragraph were rendered moot by the Court's order granting in part Defendant's motion to dismiss (Dkt. 37).

73.   Defendant denies the allegations contained in paragraph 73 of the Complaint. Defendant further states that the allegations contained in this paragraph were rendered moot by the Court's order granting in part Defendant's motion to dismiss (Dkt. 37).

74.   Defendant lacks information sufficient to admit or deny allegations regarding Plaintiff's or putative class members' purported purchases, and therefore, denies same.

75.   Admitted.

76.   Defendant denies the allegations contained in paragraph 76 of the Complaint. Defendant further states that the allegations contained in this paragraph were rendered moot by the Court's order granting in part Defendant's motion to dismiss (Dkt. 37).

## COUNT III
### Violation of ICFA
### (Deceptive Practices)

77.   Defendant reasserts its responses to paragraphs 1–61 of the Complaint.

78.   Denied.

79.   Denied.

80.   Defendant admits only that it is in the business of manufacturing, distributing, and selling the Cereals, and that it does so throughout Illinois. Defendant denies the remaining allegations contained in Paragraph 80 of the Complaint.

8

81. Denied.

82. Denied.

## COUNT IV
### Violation of ICFA
### (Unfair Practices)

83. Defendant reasserts its responses to paragraphs 1–61 of the Complaint.

84. Denied.

85. Defendant admits only that it is in the business of manufacturing, distributing, and selling the Cereals, and that it does so throughout Illinois. Defendant denies the remaining allegations contained in Paragraph 85 of the Complaint.

86. Denied.

87. Denied.

88. Denied.

89. Defendant states that this paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 89 of the Complaint.

90. Denied.

## COUNT V
### (IUDTPA)

91. Defendant reasserts its responses to Paragraphs 1–61 of the Complaint.

92. Defendant denies the allegations contained in paragraph 92 of the Complaint. Defendant further states that the allegations contained in this paragraph were rendered moot by the Court's order granting in part Defendant's motion to dismiss (Dkt. 37).

93. Defendant denies the allegations contained in paragraph 93 of the Complaint. Defendant further states that the allegations contained in this paragraph were rendered moot by the

Court's order granting in part Defendant's motion to dismiss (Dkt. 37).

94. Defendant acknowledges that Plaintiff seeks the relief requested, but denies that it is liable to Plaintiff in any regard or that Plaintiff is entitled to any relief or recovery whatsoever. Defendant further states that the allegations contained in this paragraph were rendered moot by the Court's order granting in part Defendant's motion to dismiss (Dkt. 37).

## COUNT VI
### (Unjust Enrichment)

95. Defendant reasserts its responses to paragraphs 1–61 of the Complaint.

96. Defendant states that this paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 96 of the Complaint.

97. Defendant states that this paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 89 of the Complaint.

98. Defendant states that this paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 98 of the Complaint.

99. Denied.

100. Defendant acknowledges that Plaintiff seeks the relief requested, but denies that it is liable to Plaintiff in any regard or that Plaintiff is entitled to any relief or recovery whatsoever.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief or remedy whatsoever, including, without limitation, any other relief sought in the unnumbered "Prayer for Relief" paragraph, including subparts a. through i.

## GENERAL DENIAL

Any and all allegations not expressly admitted herein are hereby denied.

## AFFIRMATIVE DEFENSES

In further response to the Complaint, subject to discovery and based on information and belief, and without assuming the burden of proof on any issue for which Plaintiff bears the burden of proof, Defendant asserts the following defenses:

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim Upon Which Relief Can be granted)

The Complaint fails to state claims upon which relief may be granted for a number of reasons, including, but not limited to: (1) the representations made on the products at issue are and were accurate; (2) the Complaint fails to allege facts sufficient to support a conclusion that the labels on the products at issue are or were false or misleading, or violate any federal or state labeling regulations; and (3) the Complaint fails to allege facts sufficient to support a conclusion that Plaintiff suffered any damages as a result of any act or omission on the part of Defendant.

## SECOND AFFIRMATIVE DEFENSE

(Lack of Standing)

Plaintiff lacks standing to seek the forms of relief sought by the Complaint, including injunctive relief, as confirmed by the Court's order granting in part Defendant's motion to dismiss (Dkt. 37), which renders Plaintiff's claims for injunctive relief moot.

## THIRD AFFIRMATIVE DEFENSE

(Reasonable Consumer)

Each of the causes of action alleged in the Complaint fails because none of Defendant's actions and/or statements were likely to mislead the reasonable consumer, and Plaintiff and/or

11

members of the putative class were not actually misled.

## FOURTH AFFIRMATIVE DEFENSE

(Law of The Case)

Some or all of Plaintiff's claims are barred by the law of the case doctrine because the Court has previously entered an order granting in part Defendant's motion to dismiss (Dkt. 37), dismissing Plaintiff's breach of implied warrant and IUDTPA claim, and denying Plaintiff's request for injunctive relief.

## FIFTH AFFIRMATIVE DEFENSE

(Preemption—Compliance)

Plaintiff's and the putative class members claims are preempted in whole or in part by the Defendant's compliance with federal statutes and U.S. Food and Drug Administration regulations and guidance.

## SIXTH AFFIRMATIVE DEFENSE

(Preemption—Express and Conflict)

Plaintiff's and the putative class members' claims are preempted because they would require Defendant to label its products in a manner inconsistent with federal labeling laws, regulations, or guidance.

## SEVENTH AFFIRMATIVE DEFENSE

(Improper Class Action)

The purported class cannot be certified because the purported class, class representatives and/or class counsel fail to meet the numerosity, typicality, commonality, adequacy, superiority, and predominance requirements for class actions.

## EIGHTH AFFIRMATIVE DEFENSE

(ICFA/Safe Harbor)

The claims in Plaintiff's Complaint are preempted or barred, in whole or in part, because Defendant labeled its products in accordance with applicable FDA regulations and/or guidance.

## NINTH AFFIRMATIVE DEFENSE

(Failure to Plead with Particularity)

The Complaint's fraud and misrepresentation-based claims are barred because Plaintiff failed to plead these causes of action with the requisite particularity.

## TENTH AFFIRMATIVE DEFENSE

(Lack of Materiality)

Plaintiff and the putative class are barred from recovery on the Complaint's fraud and misrepresentation-based claims because the representations and actions alleged were not and are not material, in that they were not and are not likely to affect the decisions or conduct of consumers, or to have caused consumers to have chosen differently, but for such alleged representations or actions, in light of the information available and known to consumers, and in that the alleged representations and actions were not likely to mislead consumers acting reasonably under the circumstances.

## ELEVENTH AFFIRMATIVE DEFENSE

(Truth)

Plaintiff and the putative class are barred from recovery on the Complaint's fraud and misrepresentation-based claims because the underlying statements are true and not misleading.

## TWELFTH AFFIRMATIVE DEFENSE

(No Actual or Reasonable Reliance)

Plaintiff and the putative class are not entitled to recover damages because they did not

13

actually rely on Defendant's alleged statements. And, even assuming Plaintiff and the putative class did rely on Defendant's alleged statements, such reliance was not reasonable.

### THIRTEENTH AFFIRMATIVE DEFENSE

(No Intent to Deceive)

Plaintiff and the putative class are precluded from recovery on the Complaint's fraud and misrepresentation-based claims because the representations and actions alleged were not intended by Defendant to, nor through the exercise of reasonable care could be known to, deceive Plaintiff.

### FOURTEENTH AFFIRMATIVE DEFENSE

(No Entitlement to Damages)

Plaintiff and the putative class are barred from any recovery because Plaintiff cannot show that he or members of the putative class are entitled to damages as a result of any acts or omissions by Defendant. The Complaint's claims for damages are further barred because the amount of damages, if any, is speculative, and because of the impossibility of ascertaining and allocating the alleged damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

(No Entitlement to Attorneys' Fees)

Plaintiff's Complaint fails to state a claim for attorneys' fees or set forth facts sufficient to support such a claim. Fifteenth

### SIXTEENTH AFFIRMATIVE DEFENSE

(No Punitive or Exemplary Damages)

Although Defendant denies engaging in any conduct justifying an award of punitive damages, any such award would violate the excessive fines, due process, and other applicable

clauses of the United States and Illinois Constitutions, as well as other statutes. The Complaint fails to state facts sufficient to support an award of punitive damages against Defendant.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Defenses as to Each Putative Class Member)

Defendant may have additional unique affirmative defenses applicable to different putative members of Plaintiff's proposed class. Defendant reserves the right to assert such additional affirmative defenses.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(No Regulatory Violation)

The Complaint is barred, in whole or in part, because Defendant has not violated any of the regulations alleged in the Complaint.

## NINETEENTH AFFIRMATIVE DEFENSE

(Adequate Legal Remedy)

The injury or damage alleged by Plaintiff and putative class members, if any exists, would be adequately compensated in an action at law for damages. Plaintiff and putative class members, therefore, have a complete and adequate remedy at law and are not entitled to seek equitable relief.

## TWENTIETH AFFIRMATIVE DEFENSE

(Acquiescence and Ratification)

The causes of action asserted in the Complaint are barred by the doctrines of acquiescence and/or ratification as a result of the acts, conduct, and omissions of Plaintiff or of others that are attributable to Plaintiff.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Estoppel)

The causes of action asserted in Plaintiff's Complaint are barred because Plaintiff and the putative class members are estopped by their own actions and conduct from pursing the claims in the Complaint.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(Unjust Enrichment)

Plaintiff and the putative class would be unjustly enriched if allowed to recover on the Complaint.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

(Justification/Privilege)

The causes of action asserted in the Complaint are barred because Defendant's alleged actions were justified and/or privileged under the circumstances.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

(Dismissal Order)

Claims and allegations contained in the Complaint are barred or rendered moot by the Court's order granting in part Defendant's motion to dismiss (Dkt. 37).

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

(Bare Regulatory Violation/Purely Legal Injury)

Plaintiff's claims are barred in whole or in part to the extent they assert a bare regulatory violation and or a purely legal theory of injury.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

(Putative Nationwide or Non-Illinois Class)

Plaintiff lacks standing to assert claims or represent the interests of nationwide or non-

16

Illinois putative class members because (1) Plaintiff does not allege to have purchased the subject products outside of the state of Illinois and (2) Plaintiff does not have standing to represent putative class members who did not purchase the subject products in Illinois and thus whose claims are governed by the laws of other states.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Non-Resident and Absent Putative Class Members—Personal Jurisdiction)

The Court lacks personal jurisdiction over Defendant with respect to claims of plaintiffs who did not reside in Illinois and who did not purchase the challenged products in Illinois.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Non-Resident and Absent Class Members—Uninjured Putative Class Members)

Certification of a class is impermissible because putative class members are uninjured or lack Article III standing.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

(Reservations to Raise Other Defenses)

Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant hereby reserves the right to amend its answer to raise additional affirmative defenses as they become available or apparent to it through discovery in this matter or otherwise.

### PRAYER

**WHEREFORE,** Defendant requests that the Court enter a judgment against Plaintiff:

1. That Plaintiff and the putative class take nothing by reason of the Complaint;

2. That judgment be entered in favor of Defendant and against Plaintiff and the putative class;

3. For costs and attorneys' fees incurred by Defendant herein, if and to the extent permitted by law; and

4. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Post demands a trial by jury on all issues so triable.

DATED: April 7, 2025              */s/ Angela M. Spivey*
                                                      Angela M. Spivey
                                                      Alston & Bird LLP
                                                      1201 West Peachtree St.
                                                      Atlanta, GA 30309
                                                      (404) 881-7857
                                                      angela.spivey@alston.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was filed on April 7, 2025, with the Court and served electronically through the CM/ECF system to all counsel of record registered to receive a Notice of Electronic Filing for this case.

*/s/ Angela M. Spivey*
Angela M. Spivey
